**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 21-2258**

———————

MELVIN RICHARD ROBINSON, III,

        Plaintiff - Appellant,

     v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant - Appellee.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Kenneth D. Bell, District Judge.  (1:20-cv-00358-KDB)

———————

Submitted:  December 22, 2022                Decided:  January 5, 2023

———————

Before AGEE and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Melvin Richard Robinson, III, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melvin Richard Robinson, III, appeals the district court's orders denying his motion for appointment of counsel and upholding the Administrative Law Judge's (ALJ) denial of his applications for disability insurance benefits and supplemental security income. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (cleaned up). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (cleaned up). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (cleaned up).

We have reviewed the record and perceive no reversible error. The ALJ applied the correct legal standards in evaluating Robinson's claims for benefits; the ALJ's factual findings are supported by substantial evidence; and Robinson's challenge to the

constitutionality of the ALJ's appointment lacks merit.[*]  We further conclude that the district court did not abuse its discretion by denying Robinson's motion for appointment of counsel.  Accordingly, we affirm the district court's orders.  *Robinson v. Comm'r of Soc. Sec.*, No. 1:20-cv-00358-KDB (W.D.N.C. Dec. 14, 2020; Oct. 27, 2021).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] To the extent Robinson requests that we remand his case to the ALJ for consideration of new evidence, we lack authorization to do so.  *See* 42 U.S.C. § 405(g) (granting district courts, but not courts of appeals, authorization to remand social security case for consideration of new evidence in specified circumstances).  And because Robinson did not move for the district court to remand his case under § 405(g), the issue of whether that court erred by failing to order such a remand is not properly before us.